Ernest Lange, Executor, Appellee, v. Frederick H. Bartlett, Appellant.

Gen. No. 22,425.

1. MORTGAGES, § 222*—*what language in deed does not show intention of grantee to assume mortgage.* Where a deed of property is made subject to an existing mortgage, the words "subject to," in the absence of anything in the context which would throw a light upon the intention of the parties, do not, in themselves, show an intention on the part of the grantee to assume the mortgage.

2. MORTGAGES, § 222*—*when question of intention of grantee assuming mortgage is one of fact.* Where a deed of property is made subject to an existing mortgage, and nothing in the context throws light upon the intent of the parties as to the grantee assuming the mortgage, the question is one of fact to be established by the evidence.

3. MORTGAGES, § 226*—*when shown that parties to deed intended that grantee assume mortgage.* Evidence *held* to show that the parties to a deed of property made subject to an existing mortgage intended that the grantee should assume the mortgage, in a suit to foreclose the mortgage.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. MORTGAGES, § 222*—*when deed construed as showing that parties intended that purchaser should assume mortgage.* Contract for the sale and purchase of property upon which there was an existing mortgage, subject to which the purchaser was to take the property, construed as showing that the parties intended that the purchaser should assume the mortgage, in a suit to foreclose the mortgage.

5. MORTGAGES, § 222*—*when no substantial variance exists between bill and proof as to assumption of mortgage.* Where the allegations in an amended bill to foreclose a mortgage upon property subsequently conveyed were to the effect that the conveyance was expressly subject to the mortgage and the amount of the indebtedness was included in and formed part of the consideration of the conveyance, and the proof tended to show an express promise to pay or assume the mortgage, *held* that there was no substantial variance.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917.

EDWARD P. VAIL, JOHN LYLE VETTE and DONALD P. VAIL, for appellant.

G. A. BURESH, for appellee; THOMAS W. PRINDEVILLE, of counsel.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

The appellant seeks to reverse a deficiency decree for $3,781.86, against it and one Ida Hoskins, entered in a mortgage foreclosure proceeding. The main facts are not in dispute.

Mrs. Hoskins had been harassed by threats of a mortgage foreclosure; the entire mortgage was due, and she was unable to meet it. In this situation she got in communication with the appellant's representatives, and after some negotiations they entered into a contract by which she agreed to sell the property "at the price of $4,790 * * * subject to (1) existing leases; (2) all taxes levied after the year of 1907;

unpaid special assessments levied for improvements not yet made, and to encumbrance of $4,000 due October, 1911, at 6 per cent. interest; special assessment for paving Calumet avenue, not exceeding $100." Afterwards, a deed was made which conveyed the property at a stated consideration of $6,000, subject to a mortgage dated October 10, 1905, given to secure a note in the sum of $4,000 and to taxes levied for the year 1907, and all taxes and special assessments levied for improvements not yet made. Before the conveyance was made, Ida Hoskins, at the instance of the appellant, secured an extension of the mortgage for three years by the payment of $90, which he advanced.

The appellant's agent, at the time of the transaction, prepared the following statement:

"Chicago, Dec. 7, 1908.

Mrs. Ida Hoskins
    a/c 292 E. 38th St.
        Fred'k H. Bartlett & Co.
          Real Estate

| | |
|---|---|
| Phone Central 4857 | 100 Washington Street |
|     Equity | $790. |
|     Ins. Prem | 13. |
| Deposit | $ 90. |
| Survey | 10. |
| Costs in suit 264191 | 7.40 |
| Int. on inc 10 10 12/6 | 37.67 |
| Spl. asst. excess over $100 | 27.34 |
| Contn. of Abst. & Redg. | 11.95 |
| Rent to 12/31 | 20.15 |
| | 598.49 |

                    $803.00  $803.00"

The sole point raised is as to whether the appellant assumed the mortgage. We think the law is well settled that where a deed of property is made subject to an existing mortgage, the words, "subject to," in the absence of anything in the context which would throw a light upon the intention of the parties, do not,

in themselves, show an intention on the part of the grantee to assume the mortgage, and that in such a case the intent of the parties is a question of fact to be established by the evidence. In this case, the testimony of Ida Hoskins is that she told the agent that he would have to take that lien; that the holders of the mortgage notified her that they were to foreclose. The agent testified that he did not recall the details of the transaction; he did not know whether anything was said about the subject-matter, or what was being purchased; nothing was said in the conversation in reference to the assumption of the mortgage by Bartlett that he recalled; that Ida Hoskins was all excited and nervous, and did not know what she was doing, and wanted him to draw up the deed; that was all there was about it.

We think that, in view of this evidence, the master was amply justified in finding that the appellant did assume the mortgage, and that the chancellor properly arrived at the same conclusion. But while we are of the opinion that the parol evidence fully sustains the finding as to the intent of the parties, we think it is also conclusively supported by a circumstance not referred to by counsel. The meaning of words and phrases in an agreement is largely determined by the context. In the present contract it was agreed that the property should be conveyed "subject to * * * all taxes levied after the year of 1907; unpaid special assessments levied for improvements not yet made, and to encumbrance of $4,000 due October, 1911, at 6 per cent. interest; special assessment for paving Calumet avenue, not exceeding $100." Obviously, the property would be conveyed to the grantee "subject to" all liens for taxes, all unpaid special assessments, and the entire special assessment for paving Calumet avenue, in a strict legal sense. When, therefore, the parties say "all taxes levied after the year of 1907," it was

obviously intended that the grantor should be liable for the taxes for previous, and the grantee for the taxes for subsequent, years; likewise, that the grantor should be liable for any unpaid special assessments for improvements already made, while the grantee assumed the payment of special assessments levied for improvements not yet made; and similarly, that the grantor agreed to pay the special assessment for paving Calumet avenue, so far as it exceeded $100, while the grantee agreed to pay the assessment to the extent of $100. This last is further corroborated by the item in the statement of December 7, 1908, where Ida Hoskins is charged $27.34 on account of the special assessment "excess over $100." When, then, the parties enumerated the liens that the property was "subject to" and included only those tax and special assessment liens that the grantee was to be liable for, and excluded those that the grantor was to be liable for, they conclusively show that they were enumerating the items which the grantee was to assume. Among these was the mortgage in question. We are, therefore of the opinion that a proper construction of the words of the contract itself places the obligation to discharge the mortgage squarely on the appellant.

Counsel further claim that the allegations in the amended bill were to the effect that the conveyances were expressly subject to the incumbrance, and the amount of said indebtedness was included in and formed a part of the consideration of the conveyance; that it is not sustained by the proofs, but the proofs, in fact, tend to show an express promise to pay or assume the mortgage. We think, however, that there is no substantial want of correspondence between the allegations in the bill, and the proof. For these reasons, the decree of the Superior Court is affirmed.

*Affirmed.*